Opinion
SHAW, J.
I
This is an appeal from an order of the municipal court granting defendant, George Robert O’Rourke, probation on the condition that he make restitution to a third party for damage to the third party’s automobile allegedly caused by defendant.
Defendant pleaded guilty to a violation of Vehicle Code section 20002, subdivision (a)* which requires the driver of any vehicle involved in an accident resulting in property damage to stop, locate the owner of the damaged property, and identify himself. Responsibility or liability for any property damage is not provided for in the statute.
The issue on this appeal is whether the trial judge abused his discretion in conditioning the defendant’s probation on the defendant’s paying the third party for property damage allegedly caused in the accident *Supp. 4 from which defendant unlawfully fled. For the reasons discussed below, we hold that the trial court did abuse its discretion.
II
Although trial courts have broad discretion to prescribe conditions of probation under Penal Code section 1203.1, that discretion is not without limitation. Any condition imposed must serve a purpose which is specified in section 1203.1 (People v. Richards (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97]). A condition of probation will be invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality (People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]).
The crime of which defendant was convicted is the intentional act of leaving the scene of an accident in which property damage has occurred. The damage to the third party’s property was caused by acts which occurred prior to the criminal act, not as a result of the criminal act. There is no evidence in the record to show that the property damage arose from criminal conduct. The restitution order, therefore, requires payment for damage which was caused by noncriminal conduct. Furthermore, requiring the defendant to pay for the alleged property damage is not related to future criminality.
The relationship of a restitution order to the crime of which the defendant was convicted was analyzed from another perspective in People v. Richards (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97], After determining that rehabilitation is the major goal of Penal Code section 1203.1, the Supreme Court held in Richards-, “that unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted, [the] salutary rehabilitative effect cannot take place. No rehabilitative purpose can be served by forcing a person to confront tendencies which differ from those which induced his crime. (Id., at p. 622.)
In the instant case, there is absolutely no evidence in the record to support a conclusion that the defendant damaged the third party’s automobile with the same state of mind he had at the time he left the scene of the accident without identifying himself.
*Supp. 5 The state of mind of a defendant at the time he flees from the scene of an accident is obviously significantly different from his state of mind immediately prior to the collision, unless, of course, there were some evidence that the defendant intentionally collided with another vehicle with the specific intent of leaving the scene of the accident without complying with the provisions of section 20002, subdivision (a) of the Vehicle Code. In the present case the record is devoid of any evidence of what the defendant’s state of mind was immediately prior to the collision and, therefore, there is no evidence that the act for which the defendant was ordered to make restitution was committed with the same state of mind as the offense of which he was convicted. No rehabilitative purpose can be served by the restitution order in question under the language of People v. Richards, supra.
Ill
Defendant has raised a constitutional issue in his brief which provides an additional ground for our conclusion that the trial judge abused his discretion in ordering restitution in this case. Defendant has asked this court to make the broad declaration that restitution for property damage can never be ordered as a condition of probation if the defendant was convicted of a violation of Vehicle Code section 20002, subdivision (a) because such an order violates the defendant’s due process rights. We cannot agree with appellant entirely and do not hold that all restitution orders arising from a violation of section 20002, subdivision (a) of the Vehicle Code are unconstitutional. However, the record presented in this case, or rather the lack of it, compels us to reverse this particular restitution order.
In establishing the rule that a restitution order must relate to the crime of which the defendant was convicted, the Supreme Court recognized that a civil defendant has certain due process rights which are not available to a criminal defendant and that the lack of those rights in certain circumstances can invalidate a restitution order (People v. Richards, supra).
“Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in,a theft case that a defendant is liable to the crime victim. But a trial *Supp. 6 court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money.” (People v. Richards, supra, at p. 620.)
In addition to the concerns noted by the Supreme Court in Richards, under the rule of comparative negligence enunciated in Li v. Yellow Cab Co. (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], a civil defendant has the right to raise the defense of comparative negligence which may be significant in a particular case. Furthermore, theoretically, a hit-run defendant may be free of any negligence in causing the accident which precipitated his criminal act of fleeing therefrom.
The Supreme Court has not, however, declared all restitution orders which require repayment to a victim or a third party in violation of due process. In People v. Lent, supra, the court found no abuse of discretion even though the restitution order included repayment of a specific sum to an alleged victim and the defendant had been acquitted of the theft charge based on that sum. The court stated that ordinarily such an order would be stricken as part of the restitution order; however, the court held there was no abuse of discretion because “additional circumstances were developed in the unusually prolonged probation hearing conducted by the meticulous trial judge” (People v. Lent, supra, 15 Cal.3d at p. 487). The probation hearing took two court days; there were nine witnesses on that issue alone; and the hearing transcript was one-hundred thirty-nine pages long. The trial judge made specific findings supporting his conclusion which could be reviewed on appeal. The Supreme Court balanced the defendant’s right to due process in determining civil liability against the trial judge’s broad discretion in the sentencing process, including conditions imposed under Penal Code section 1203 et seq. and impliedly concluded that a defendant’s right to full pretrial proceedings could be abridged as long as the trial court allowed the defendant the opportunity to present his defenses to the civil liability which, if appropriate, would include the affirmative defense of comparative negligence.
*Supp. 7 The defendant’s due process rights are not totally abrogated by the procedure outlined above because he or she always has the opportunity to refuse probation. Thus, ordering restitution is not an abuse of discretion as long as the trial judge allows the criminal defendant the opportunity to present evidence rebutting his civil liability at the sentencing hearing.
The order admitting defendant to probation on condition that he make restitution is reversed. As the court has already determined that defendant is a proper candidate for probation, the case is remanded with directions to grant probation on reasonable conditions in accordance with the views expressed herein.
Ertola, P. J., and Lynch, J., concurred.

“20002 (a) The driver of any vehicle involved in an accident resulting in damage to any property including vehicles shall immediately stop the vehicle at the scene of the accident and shall then and there either: “(1) Locate and notify the owner or person in charge of such property of the name and address of the driver and owner of the vehicle involved, or; “(2) Leave in a conspicuous place on the vehicle or other property damaged a written notice giving the name and address of the driver and of the owner of the vehicle involved and a statement of the circumstances thereof and shall without unnecessary delay notify the police department of the city wherein the collision occurred or, if the collision occurred in unincorporated territory, the local headquarters of the Department of the California Highway Patrol. “Any person failing to comply with all the requirements of this section is guilty of a misdemeanor and upon conviction thereof shall be punished by imprisonment in the county jail for not to exceed six months or by a fine of not to exceed five hundred dollars ($500) or by both.”