[No. D001806. Fourth Dist., Div. One. May 9, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ETHAN WALMSLEY, Defendant and Appellant.

COUNSEL

Peter S. Doft, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Keith I. Motley and Tim J. Nader, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STANIFORTH, Acting P. J.**—Ethan Walmsley pled guilty to hit and run driving with an injury involved (Veh. Code, § 20001) in exchange for dismissal with a *Harvey* waiver of one count of driving under the influence of an alcoholic beverage and a drug and injuring another (Veh. Code, § 23153, subd. (a)) and one count of driving without a valid driver's license (Veh. Code, § 12500, subd. (a)).

On October 18, 1983, at about 5 p.m., Walmsley, driving west, entered an intersection and struck a 23-year-old woman riding a bicycle. Walmsley backed his car out of the intersection, parked, moved a brown bag containing an unopened bottle of wine from inside the car to the trunk and then left the scene with his passenger to check on a chicken left in the oven.

A witness wrote down Walmsley's license plate number and provided it to the police. The officer who contacted Walmsley smelled alcohol on Walmsley's breath and felt Walmsley performed poorly on a field sobriety test. A blood sample taken from Walmsley about two hours after the accident proved negative for blood alcohol but showed the presence of phenobarbital. Walmsley had a prescription for phenobarbitol and Dilantin for control of an epileptic condition. He had been cautioned against driving if his medication was taken with alcohol. Walmsley admitted he had drunk one or two beers on the day of the accident.

Walmsley was granted probation. Among the conditions of probation were that he make restitution to the victim in the amount of $10,561.80 and that he abstain from using alcohol. On appeal, Walmsley seeks to overturn both these conditions.

DISCUSSION

I

 Probation is an act of leniency, not a matter of right. (*People v. Osslo* (1958) 50 Cal.2d 75, 103 [323 P.2d 397]; *People v. Axtell* (1981)

118 Cal.App.3d 246, 256 [173 Cal.Rptr. 360].) ■ The trial court has broad discretion in imposing probation and determining its conditions. (Pen. Code, § 1203.1; *People* v. *Wade* (1959) 53 Cal.2d 322, 338 [1 Cal.Rptr. 683, 348 P.2d 116].) ■ "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .' " (*People* v. *Lent* 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], quoting *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].)

■ Restitution as a condition of probation is favored by public policy both as a means of doing justice to the victim (Cal. Const., art. I, § 28, subd. (b)), and for rehabilitation of the offender (Pen. Code, § 1203.1; *Charles S.* v. *Superior Court* (1982) 32 Cal.3d 741, 748 [187 Cal.Rptr. 144, 653 P.2d 648]). An order for restitution, i.e., attempting to make a victim whole, has generally been deemed a deterrent to future criminality. (See *People* v. *Miller* (1967) 256 Cal.App.2d 348, 356 [64 Cal.Rptr. 20].) When ordering restitution, the court is not limited to the transaction or amounts of which the defendant is actually convicted. (*Id.,* at p. 353; *People* v. *Lent, supra,* 15 Cal.3d 481, 486-487.) Where there is a factual and rational basis for the amount of restitution set, no abuse of discretion will be found by the reviewing court. (*In re Brian S.* (1982) 130 Cal.App.3d 523, 532 [181 Cal.Rptr. 778].)

■ Here, Walmsley contends the restitution requirement bears no relationship to the crime of which he was convicted or to criminal conduct since his conviction was for leaving the scene of an accident without identifying himself or rendering assistance, not for causing the injuries for which restitution was ordered. (See *People* v. *O'Rourke* (1980) 105 Cal.App.3d Supp. 1 [165 Cal.Rptr. 92].) We disagree.

Walmsley's argument ignores the fact that under Vehicle Code section 20001 there can be no conviction unless the defendant has been involved in an injury-causing accident. Moreover, as the Attorney General points out: "The gravamen of the offense of hit-and-run driving is the offender's attempt to evade responsibility for his actions while driving a motor vehicle. . . . It is difficult to imagine a condition of probation more closely linked with rehabilitation of the offender than a condition requiring him to accept the very responsibility he criminally attempted to evade."

Walmsley, relying on *People* v. *Richards* (1976) 17 Cal.3d 614, 622 [131 Cal.Rptr. 537, 552 P.2d 97], argues restitution for an act can be ordered only if the act was done with the same state of mind as the act for which

the defendant was convicted and cannot be used to resolve the defendant's civil liability. *Richards,* however, is distinguishable.

In *Richards,* restitution was ordered to a noncrime victim, an individual involved in a count of which the defendant was acquitted. Since the jury acquitted the defendant of the count, there was no criminal liability established which could form the basis of restitution to the victim. Thus, it appeared to the majority in *Richards* the trial judge ordered restitution for the "ill-conceived" purpose of resolving the civil liability of the defendant. (*Id.,* at p. 620.) The majority observed resolution of civil liability cannot be a function of restitution in a criminal case since the criminal justice system is "essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent" and permitting a judge in a criminal matter to determine civil liability on an acquitted count would "emasculate" due process rights of a party sued civilly (e.g., rights to discovery, jury trial on the specific issues of liability and damages). (*Ibid.*)

In contrast, here, there was not an acquittal but a guilty plea. Restitution was ordered to the victim involved in the crime to which Walmsley pled guilty, i.e., the person injured in the hit-and-run. Walmsley was not denied a civil litigant's due process rights since a civil judgment[1] determining liability and damages was entered prior to the restitution order and referred to by the sentencing judge. Therefore, the judge did not determine civil liability.

In sum, we conclude the order of restitution was clearly related to the conduct for which Walmsley pled guilty, serves a rehabilitative purpose by having Walmsley face the responsibility he attempted to evade by leaving the scene and does not violate the spirit of *People* v. *Richards, supra.*

## II

■ Walmsley also contends on appeal the trial judge erred in imposing a condition of abstinence from alcohol since the evidence was insufficient to show he had been drinking at the time of the accident.

We are unpersuaded by this contention. Not only did Walmsley fail to object to the abstinence condition at the time of the sentencing hearing, but also there is sufficient evidence in the record to support imposition of the condition, e.g., the police officer's observations that when he contacted

---

[1] A default judgment was entered against Walmsley. At the time of the hearing, Walmsley indicated that he might move to set aside the default judgment. However, the record fails to reveal that any such motion was ever made.

Walmsley, he smelled alcohol on his breath and found Walmsley performed poorly on a field sobriety test; Walmsley's admission he had one or two beers that day although he had been cautioned that because of the medication he was on he should not drink any alcohol and drive; and the probation officer's comments (undisputed by Walmsley), concluding there was a connection between Walmsley's long-term alcoholism and his leaving the scene of the accident without identifying himself or rendering assistance.

The judgment is affirmed.

Work, J., and Butler, J., concurred.