[Crim. No. 13854. Third Dist. Dec. 23, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES ALLEN CORNERS, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, and Jane N. Kirkland, Deputy Attorney General, for Plaintiff and Appellant.

Latimer, Kenkel & Bussey and Jerry J. Kenkel for Defendant and Respondent.

**OPINION**

**CARR, J.**—The issue presented in this appeal is whether a defendant who is convicted of unlawfully leaving the scene of an injury-accident but acquitted of criminal wrongdoing for the accident itself may be ordered to pay restitution to the injured person. Defendant James Corners was charged with assault with a deadly weapon by use of an automobile and infliction of great bodily injury (Pen. Code, §§ 245, subd. (a)(1), 12022.7) and with unlawfully leaving the scene of an accident in which a person was injured (Veh.

Code, §§ 20001, 20003).[1] A jury found defendant guilty of the hit-and-run violation but acquitted him of the assault charges. The trial court placed defendant on five years probation and denied the People's request to order the payment of restitution to the injured person. The People in this appeal challenge the court's refusal to order the requested restitution. We conclude the court properly refused to order restitution and shall affirm.

## Facts[2]

On July 14, 1982, an altercation took place between defendant and Roger Cetina at a bowling alley. A third person, Rex Kleinert, became involved in the altercation. After some pushing and shoving defendant began driving away in his van. Kleinert climbed onto the back of the van to obtain its license number. After Kleinert jumped off the van, defendant drove over a curb and across a sidewalk and landscaped area and hit or ran over Kleinert, severely injuring him. Defendant left the scene without stopping to identify himself or render aid.

There is no evidence in the record before us that Kleinert's injuries were aggravated in any manner by defendant's failure to stop and render assistance. We therefore assume Kleinert's injuries stemmed solely from being struck by defendant's van.

## Discussion

■ Trial courts have broad discretion under Penal Code section 1203.1 to prescribe conditions of probation, including the payment of restitution to

---

[1]Vehicle Code section 20001 then provided: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself, or death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004. [¶] Any person failing to comply with all the requirements of this section under such circumstances is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the state prison, or in the county jail for not to exceed one year or by fine or not to exceed five thousand dollars ($5,000) or by both."

Vehicle Code section 20003 provides: "(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his name, address, the registration number of the vehicle he is driving, and the name of the owner to the person struck or the driver or occupants of any vehicle collided with or shall give such information to any traffic or police officer at the scene of the accident and shall render to any person injured in the accident reasonable assistance, including the carrying or the making arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if such carrying is requested by the injured person. [¶] (b) Any driver subject to the provisions of subdivision (a) shall also, upon being requested, exhibit his driver's license, if available, to the person struck or to the driver or occupants of any vehicle collided with or to any traffic or police officer at the scene of the accident."

[2]As the People have not provided this court with a reporter's transcript of the trial, we take our statement of facts from the People's opening brief, in which defendant concurs.

the victim of the crime of which defendant was convicted.[3] (*People* v. *Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97].) Such discretion is not unlimited, however. (*Ibid.*) Generally, a condition of probation is invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

■ Unlike other jurisdictions, California courts do not limit restitution to the actual losses caused by the crime of which defendant was convicted. "But courts must tread lightly in this area lest they be reduced to 'mere collection agencies' [citations], and restitution must in each case be *narrowly tailored* to serve a purpose described in section 1203.1." (*People* v. *Richards, supra,* 17 Cal.3d at pp. 619-620, italics added.) ■ As the court in *Richards* explains: "The major goal of section 1203.1 is to rehabilitate the criminal. Restitution imposed in a proper case and in an appropriate manner may serve the salutary purpose of making a criminal understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to make them whole." (*Id.,* at p. 620.) However, "[d]isposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in a theft case that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to

---

[3]At the time the present crime was committed, July 14, 1982, Penal Code section 1203.1 provided that courts, as a condition of probation, "may provide for reparation in proper cases; . . ." Section 1203.1 further provided "[t]he court may impose and require any or all of the above-mentioned terms of imprisonment, fine, and conditions, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer, . . ."

The Legislature amended section 1203.1 in 1982, effective January 1, 1983, by, inter alia, replacing the words "may provide for reparation in proper cases" with "shall provide for restitution in proper cases; . . ." (Stats. 1982, chs. 1413, 1414.) In 1983, the Legislature added amended section 1203.04 to the Penal Code. Section 1203.04 requires the trial court, as a condition of probation, to order the payment of restitution to the victim or the newly formed Restitution Fund. (Stats. 1983, ch. 568, § 2.)

As neither of these enactments were in effect when defendant committed the crime in question, we do not consider them in the resolution of this case.

emasculate those rights by simply declaring his belief that the defendant owes a sum of money." (*Ibid.*)

No matter how compelling the evidence of civil liability may be, the jury in a criminal case makes no finding of such liability. At the criminal trial, defendant need only raise a reasonable doubt regarding the elements of the crime charged. No duty is placed upon him, nor could it be, to prove that he is not civilly liable. Any legal conclusion in a criminal trial that he is so liable contravenes defendant's due process rights. (*Id.*, at p. 621.)

"Thus, 'Restitution or reparation is not a substitute for a civil action to recover damages' [citation], and a defendant's duty of restitution cannot be predicated merely on a purported debt." (*Ibid.*) However, as "California courts have approved the imposition for rehabilitative purposes of restitution not limited to the loss caused by the offense of which the defendant was convicted," the question is whether an order to pay restitution serves "a demonstrably rehabilitative purpose." (*Id.*, at pp. 621-622.)

In *Richards,* defendant was charged with two counts of grand theft involving two different persons arising out of the sale of mining claims and quitclaim deeds. The jury convicted defendant as to one sale, but found him not guilty of the charge arising from a sale to one William Ward. The trial court placed defendant on probation and imposed a condition that he pay $925 in "restitution" to Ward.

In reversing the order of restitution, the Supreme Court found no evidence that defendant committed the acts toward Ward with the same state of mind as the acts for which he was convicted. Thus, "making defendant pay restitution to Ward would [not] in any way rehabilitate him for his proved criminal behavior toward Mrs. Garbuio [the victim of the other crime]." (17 Cal.3d at pp. 623-624.)

It is irrelevant that the burden of proof is lighter in a civil case. "It is a criminal proceeding in which the defendant, protecting his liberty, will be acquitted if he raises a reasonable doubt of his guilt. In the course of convincing a jury to doubt his guilt on one charge, a defendant should not have the additional task of persuading the judge regarding the subsequent sentencing disposition on other charges." (*Id.*, at p. 624.)

The court distinguished the case of *People* v. *Lent, supra,* 15 Cal.3d 481, in which the defendant, a law firm investigator, negotiated with an insurance carrier for the settlement of a claim for personal injuries of the daughter of a former client of the firm, after the firm withdrew from the case. Defendant received a check for $1,278 on the daughter's behalf, which her mother

signed. Although the amount was to be applied to the payment of medical bills, defendant did not pay them. The mother received an additional check from the insurance carrier and paid $500 of the proceeds to defendant, which he represented was for this employer's attorney fees. Defendant pocketed the money for himself. Defendant was charged with grand theft as to each transaction. He was acquitted of a theft charge arising from the $1,278 transaction and was convicted on the $500 transaction. The court placed defendant on probation and ordered him to pay restitution for the total funds, including those represented by the charge of which he was acquitted.

The People, relying on the lesser burden of proof in a civil tort action, argued the evidence was sufficient to support a civil judgment in the amount of the $1,278. The court rejected this argument. "The flaw . . . is that restitution cannot be based on mere civil claims; it must relate to past or future criminal conduct. Here we do not have criminal acts uncharged or untried, or victims uncomplaining or unknown [citation]; in this instance criminal acts were charged, the cause fully tried, and the defendant exonerated by the jury of criminal responsibility for the $1,278. Ordinarily such result would preclude inclusion of that item in the restitution order." (*People* v. *Lent, supra,* 15 Cal.3d at p. 487.)

The court, however, held there was no abuse of discretion in the trial court's ordering restitution of the full funds under the particular circumstances of that case. As the court observed, "additional circumstances were developed in the unusually prolonged probation hearing conducted by the meticulous trial judge. Unlike the typical abbreviated probation and sentence proceeding, this matter occupied nearly two court days; the People presented seven witnesses and the defendant two on that issue alone. . . . [¶] At the conclusion of the probation hearing the trial judge declared that while he gave consideration to defendant's acquittal of the theft of the $1,278, under the state of the record he did not deem the verdict to have absolved defendant of the 'false statements about where those proceeds went and for what purpose.' The judge was convinced 'that Mr. Lent in his testimony before the jury perjured himself as respects the disposition of the proceeds of this $1,278 check.' And, finally, the court found that the total 'culpability of Mr. Lent is not displayed in the setting of this case but is reflected further in the evidence [produced] at the formal probation hearing.' " (*Ibid.*)

In *People* v. *Richards, supra,* the court distinguished *Lent* as a case in which restitution was proper "because the defendant had shown the same type of dishonesty in regard to the disposition of [the $1,278] as he had

demonstrated in the proved theft of the $500." (*People* v. *Richards, supra,* 17 Cal.3d at p. 623.)

In *People* v. *O'Rourke* (1980) 105 Cal.App.3d Supp. 1 [165 Cal.Rptr. 92], the issue was similar to that in the present case. Defendant pled guilty to a violation of Vehicle Code section 20002, subdivision (a), for leaving the scene of an accident in which property was damaged. As a condition of probation, the trial court ordered defendant to pay the third party for the damage to his vehicle allegedly caused in the accident from which defendant fled. The Appellate Department of the San Francisco Superior Court reversed, relying on *People* v. *Richards, supra,* 17 Cal.3d 614.

The court reasoned: "The crime of which defendant was convicted is the intentional act of leaving the scene of an accident in which property damage has occurred. The damage to the third party's property was caused by acts which occurred prior to the criminal act, not as a result of the criminal act. There is no evidence in the record to show that the property damage arose from criminal conduct. The restitution order, therefore, requires payment for damage which was caused by noncriminal conduct. Furthermore, requiring the defendant to pay for the alleged property damage is not related to future criminality." (*People* v. *O'Rourke, supra,* 105 Cal.App.3d Supp. 4.) Applying the *Richards* test, the court concluded "the record is devoid of any evidence of what the defendant's state of mind was immediately prior to the collision and, therefore, there is no evidence that the act for which the defendant was ordered to make restitution was committed with the same state of mind as the offense of which he was convicted. No rehabilitative purpose can be served by the restitution order in question under the language of *People* v. *Richards, supra.*" (*Id.,* at p. Supp. 5.)

The court further concluded the restitution order deprived defendant of the due process rights attendant to a civil trial. (*Id.,* at pp. Supp.5-6.)

The trial court in the present case reluctantly felt compelled to follow *O'Rourke.* ■ Of course, a decision of the Appellate Department of the San Francisco Superior Court is not binding upon the Butte County Superior Court nor upon this court. ■ However, we find *O'Rourke* persuasive and conclude the trial court properly denied the People's request for restitution.

Defendant was exonerated of any criminal wrongdoing in the accident in which Kleinert was injured. Although it is undisputed defendant's van struck Kleinert, there is no evidence in the record before us that defendant struck Kleinert with the same criminal state of mind as he had when he unlawfully fled the scene. There was no trial over defendant's civil liability

nor over Kleinert's possible contributory negligence. A restitution order would serve no rehabilitative purpose with respect to the crime of which defendant was convicted as it would relate only to an act for which defendant was found free of criminal liability. Any restitution in this case would have no relationship to the crime of which defendant was convicted; would relate to conduct not in itself criminal; and would not be reasonably related to future criminality. (*People* v. *Lent, supra,* 15 Cal.3d at p. 486.) Accordingly, a restitution order would have constituted an abuse of discretion.

In a recent case, *People* v. *Walmsley* (1985) 168 Cal.App.3d 636 [214 Cal.Rptr. 170], the court reached a contrary conclusion. In *Walmsley,* defendant pled guilty to hit-and-run driving in violation of Vehicle Code section 20001 in exchange for dismissal of one count of driving under the influence of alcohol or a drug and injuring another and one count of driving without a valid driver's license. Defendant was granted probation on the condition he make restitution for the injuries to the person he struck. In affirming the judgment, the court rejected the premise of *People* v. *O'Rourke, supra,* stating: "Walmsley's argument ignores the fact that under Vehicle Code section 20001 there can be no conviction unless the defendant has been involved in an injury-causing accident. Moreover, as the Attorney General points out: 'The gravmen of the offense of hit-and-run driving is the offender's attempt to evade responsibility for his actions while driving a motor vehicle. . . . It is difficult to imagine a condition of probation more closely linked with rehabilitation of the offender than a condition requiring him to accept the very responsibility he criminally attempted to evade.' " (*People* v. *Walmsley, supra,* 168 Cal.App.3d at p. 639.) The court distinguished *People* v. *Richards, supra,* as a case in which "restitution was ordered to a noncrime victim, an individual involved in a count of which the defendant was acquitted." (*Id.,* at p. 640.) "In contrast, here, there was not an acquittal but a guilty plea. Restitution was ordered to the victim involved in the crime to which Walmsley pled guilty, i.e., the person injured in the hit-and-run." (*Ibid.;* fn. omitted.) Moreover, "Walmsley was not denied a civil litigant's due process rights since a civil judgment determining liability and damages was entered prior to the restitution order and referred to by the sentencing judge. Therefore, the judge did not determine civil liability." (*Ibid.*)

We do not find *Walmsley* persuasive authority for the instant case. We note initially there are at least two distinguishing factors. First, defendant in the present case was urged to pay restitution for injuries caused by an act for which he was *exonerated* of criminal wrongdoing, a distinction the Supreme Court found significant in *People* v. *Richards, supra,* 17 Cal.3d at pages 622-623, footnote 6. Second, there is no evidence in our case that

a civil judgment had been rendered against defendant in connection with the incident prior to the sentencing hearing.

Moreover, the basic reasoning of the *Walmsley* opinion is flawed. As the opinion states, it is based upon the premise that "under Vehicle Code section 20001 there can be no conviction unless the defendant has been involved in an injury-causing accident"; i.e., the injured party is the "victim" of a "hit-and-run." (*People* v. *Walmsley, supra,* 168 Cal.App.3d at p. 639.) This rationale ignores the fact that one can be convicted of violating the statute but not be criminally or civilly responsible for the underlying accident. Although a violation of section 20001 is popularly denominated "hit-and-run," the act made criminal thereunder is not the "hitting" but the "running." ■ The legislative purpose of sections 20001 and 20003 is to prevent the driver of a vehicle involved in an injury-causing accident from leaving injured persons in distress and danger for want of medical care and from attempting to avoid possible civil or criminal liability for the accident by failing to identify oneself. This duty is imposed upon drivers whether or not they are responsible for the accident itself. (*Bailey* v. *Superior Court* (1970) 4 Cal.App.3d 513, 521 [84 Cal.Rptr. 436]; *People* v. *Bammes* (1968) 265 Cal.App.2d 626, 632 [71 Cal.Rptr. 415].) Commission of the crime gives rise to civil liability for damages only if the act of leaving the scene proximately causes *further* injury or death. (*Brooks* v. *E. J. Willig Truck Transp. Co.* (1953) 40 Cal.2d 669, 679 [255 P.2d 802]; *Karl* v. *C. A. Reed Lumber Co.* (1969) 275 Cal.App.2d 358, 361 [79 Cal.Rptr. 852].)

■ As there is no evidence in the present case that defendant's criminal conduct in leaving the scene aggravated Kleinert's injuries, the request for restitution for injuries caused by defendant's noncriminal conduct in hitting Kleinert is an attempt to impose civil liability through the back door.

■ The People urge the adoption of Proposition 8, the so-called "Victims' Bill of Rights," controls the present case and supports an order for restitution. Proposition 8 added section 28 to article I of the California Constitution, subdivision (b) of which provides: "*Restitution.* It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] "Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section."

Although Proposition 8 applies to the present crime (*People* v. *Smith* (1983) 34 Cal.3d 251, 262 [193 Cal.Rptr. 692, 667 P.2d 149], it does not

alter the outcome. At the time defendant committed the crime, the Legislature had not enacted the implementing provisions referred to in section 28, subdivision (b). More importantly, section 28, subdivision (b) does not change the rule that an order for restitution must relate to the crime of which defendant was actually convicted. Section 28, subdivision (b) declares as its intention that "persons who suffer losses *as a result of criminal activity* shall have the right to restitution from the persons *convicted* of the crimes for losses they suffer." (Italics added.) Defendant was acquitted of criminal liability in causing Kleinert's injuries.

The trial court properly denied the People's request for restitution.

### DISPOSITION

The judgment is affirmed.

Evans, Acting. P. J., and Blease, J., concurred.