[No. D003074. Fourth Dist., Div. One. Mar. 11, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
WAYNE R. LAFANTASIE, Defendant and Appellant.

**COUNSEL**

Dennis L. Cava for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KREMER, P. J.**—Wayne R. Lafantasie pled guilty to unlawfully leaving the scene of an injury accident (Veh. Code,[1] § 20001) in return for a local time commitment. On appeal from the ensuing judgment, he seeks to overturn conditions of probation that he pay restitution to a seriously injured accident victim of at least $200 per month during his 5-year period of probation and that he serve 120 days in short-term work furlough. We strike the condition of probation requiring the payment of restitution as an improper attempt to determine civil liability in a criminal forum. We affirm in all other respects.

## FACTS

About 2 a.m. January 6, 1985, Diane Mulligan and Larry Gipe began to jaywalk across the 1000 block of University Avenue in San Diego toward the Sears lot where they had parked their car. Wayne Lafantasie, driving eastbound on University in the curb lane, swerved into the fast lane to avoid other pedestrians and there struck Diane and Larry severely injuring Diane. Lafantasie left the scene without stopping to identify himself or render aid. He was arrested at his home a week later following an anonymous tip.

Diane remained in the hospital at the time of Lafantasie's sentencing. A supplemental probation report set her medical expenses at more than $300,000 and rising.

The court suspended imposition of sentence and placed Lafantasie on 5 years probation conditioned upon 120 days in a work furlough program and payment of restitution to Diane's conservator of at least $200 per month.

[1]All statutory references are to the Vehicle Code unless otherwise specified.

I

██ Lafantasie argues the restitution condition is an invalid attempt to assign civil liability in a criminal case. We agree.

██ A trial court has broad discretion to grant probation and determine its conditions including payment of restitution to crime victims. (Pen. Code, § 1203.1; *People* v. *Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97].) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

██ While California law does not limit restitution to the actual losses caused by the crime proved (*People* v. *Richards, supra,* at p. 619), ". . . courts must tread lightly in this area lest they be reduced to 'mere collection agencies' [citations], and restitution must in each case be narrowly tailored to serve a purpose described in section 1203.1." (*Id.* at p. 620.)

██ The *Richards* court explained: "Disposing of civil liability cannot be a function of restitution in a criminal case. To begin with, the criminal justice system is essentially incapable of determining that a defendant is in fact civilly liable, and if so, to what extent. A judge may infer from a jury verdict of guilt in a theft case that a defendant is liable to the crime victim. But a trial court cannot properly conclude that the defendant owes money to a third party for other unproved or disproved crimes or conduct. A party sued civilly has important due process rights, including appropriate pleadings, discovery, and a right to a trial by jury on the specific issues of liability and damages. The judge in the criminal trial should not be permitted to emasculate those rights by simply declaring his belief that the defendant owes a sum of money." (*Ibid.*)

The *Richards* court cited an improper restitution order factually germane here. "The Michigan Supreme Court, in *People* v. *Becker* (1957) *supra,* 84 N.W.2d 833, 839, has pointed out the weakness of such practice. Striking down a probation condition requiring a defendant convicted of leaving the scene of an accident to pay the medical expenses of the pedestrians he hit, the court declared, 'The liability . . . is fixed by the [trial] court. How? Is it by a trial in open court, upon pleadings, defining the claims and issues, with the taking of testimony under oath, confrontation of witnesses, cross-examination, and assertion of defenses, including that of contributory neg-

ligence? Clearly not. It was determined, says the court, "from my investigation." ' " (*People* v. *Richards, supra,* 17 Cal.3d at pp. 620-621.)

The *Richards* court concluded that to be valid, an order for restitution exceeding the loss caused by the defendant's offense must serve a rehabilitative purpose and such purpose will not be served ". . . unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted, . . ." (*People* v. *Richards, supra,* at p. 622.)

Measured by these standards the restitution condition here fails.

Lafantasie was never charged with or found to be criminally responsible for the accident which injured Diane. The court did not conclude, nor from this record, could it find Lafantasie's leaving the scene was committed with the same state of mind as his driving at the time of the collision. It follows that imposition of restitution for the act of driving cannot serve a valid rehabilitative purpose but addresses only Lafantasie's supposed civil liability for the accident. The court's frankly civil language analysis of its reasons for imposing restitution supports this conclusion.

"The Court: I am convinced that he is partially at fault. I don't know whether it's 98 percent, 2 percent, 50 percent. I cannot tell. But frankly, even if it were at the very very low end, if it were even 10 percent, and my guess is it's far above that, even if it were 10 percent, the specialists [*sic*] to date are $321,000. And that would be $30,000—I think that—what do you earn, Sir?

"The Defendant: Eight fifty-two an hour.

"The Court: One hundred twenty days work furlough. Restitution in a total amount to be determined by further order of the court. But at least $200 a month commencing 5/15/85."

Requiring restitution for the act of driving at the time of the incident requires restitution for an act which (1) has no relationship to the crime of which Lafantasie was convicted, leaving the scene of an injury accident, (2) relates to conduct, driving, which is not itself criminal and (3) requires conduct which is not reasonably related to future criminality. The condition is therefore invalid. (*People* v. *Lent, supra,* 15 Cal.3d at p. 486.)

Two California cases involving similar facts reach the same conclusion. In *People* v. *O'Rourke* (1980) 105 Cal.App.3d Supp. 1 [165 Cal.Rptr. 92], the Appellate Department of the San Francisco Superior Court held invalid

a condition of probation requiring the defendant to reimburse an individual for damage to his vehicle following the defendant's conviction for leaving the scene of a property damage accident. (§ 20002.) The court said: "The crime of which defendant was convicted is the intentional act of leaving the scene of an accident in which property damage has occurred. The damage to the third party's property was caused by acts which occurred prior to the criminal act, not as a result of the criminal act. There is no evidence in the record to show that the property damage arose from criminal conduct. The restitution order, therefore, requires payment for damage which was caused by noncriminal conduct. Furthermore, requiring the defendant to pay for the alleged property damage is not related to future criminality." (*People* v. *O'Rourke, supra,* at p. Supp. 4.) Applying the *Richards* same state of mind test, the court concluded: "In the present case the record is devoid of any evidence of what the defendant's state of mind was immediately prior to the collision and, therefore, there is no evidence that the act for which the defendant was ordered to make restitution was committed with the same state of mind as the offense of which he was convicted. No rehabilitative purpose can be served by the restitution order in question under the language of *People* v. *Richards, supra.*" (*People* v. *O'Rourke, supra,* at p. Supp. 5.)

In *People* v. *Corners* (1985) 176 Cal.App.3d 139 [221 Cal.Rptr. 387], the Court of Appeal affirmed a trial court's refusal to order restitution to an injured accident victim when defendant was convicted of unlawfully leaving the scene of an injury accident (§ 20001) but acquitted of criminal liability for the accident itself. The court said: "Defendant was exonerated of any criminal wrongdoing in the accident in which Kleinert was injured. Although it is undisputed defendant's van struck Kleinert, there is no evidence in the record before us that defendant struck Kleinert with the same criminal state of mind as he had when he unlawfully fled the scene. There was no trial over defendant's civil liability nor over Kleinert's possible contributory negligence. A restitution order would serve no rehabilitative purpose with respect to the crime of which defendant was convicted as it would relate only to an act for which defendant was found free of criminal liability. Any restitution in this case would have no relationship to the crime of which defendant was convicted; would relate to conduct not in itself criminal; and would not be reasonably related to future criminality. (*People* v. *Lent, supra,* 15 Cal.3d at p. 486.) Accordingly, a restitution order would have constituted an abuse of discretion." (*People* v. *Corners, supra,* at pp. 146-147.)

We distinguish the facts here from those of a recent decision of this division in which we approved restitution to the victim of a "hit and run" accident even though the defendant was not convicted of any criminal lia-

bility for the accident. In *People* v. *Walmsley* (1985) 168 Cal.App.3d 636 [214 Cal.Rptr. 170], defendant was originally charged with driving under the influence of an alcoholic beverage and a drug and injuring another (§ 23153, subd. (a)) and leaving the scene of an injury accident (§ 20001). Defendant pled guilty to violating section 20001 and the driving under the influence charge was dismissed with a *Harvey* waiver.[2] A blood test two hours after the accident showed phenobarbitol but no alcohol. Walmsley had a prescription for phenobarbitol and had been warned against driving if his medication was taken with alcohol. Walmsley admitted drinking one or two beers on the day of the accident.

In contrast to this case, in *Walmsley,* a trial judge could find the driving to have been a cause of the accident and also find a state of mind common to both the hitting and the running.

While we believe *Walmsley* to have been correctly decided on its facts, language in that case is susceptible to an interpretation a conviction for the violation of section 20001 alone is sufficient to sustain an order for restitution to the victim of the accident from which the defendant driver fled without stopping. (See *People* v. *Corners, supra,* 176 Cal.App.3d at p. 148.) Accordingly, we limit the effect of *Walmsley* to the circumstances there presented and disapprove any language in that opinion that may suggest restitution to the victim of a hit-run is appropriate without a finding of criminal responsibility for the "hitting" of the victim, a common state of mind or a finding the act of leaving the scene of the accident proximately causes *further* injury or death. (*People* v. *Corners, supra,* at pp. 146, 148.)

Pursuant to Penal Code section 1202.4, the court stayed a restitution fine of $300 in light of the order to pay restitution to the victim. As the court said: "Enough is enough." Our striking the restitution order eliminates the reason for the stay.

We will modify the order of probation by striking the requirement Lafantasie pay restitution of at least $200 per month to Diane's conservator and, in light of that modification, vacate the court's stay of the $300 restitution fine. Because of this disposition, we need not discuss Lafantasie's other challenges to the restitution condition.

## II

Lafantasie argues the condition of probation he serve 120 days in a work furlough program is flawed, since, like the condition of restitution, it

---

[2]*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. A *Harvey* waiver may permit consideration of dismissed charges to determine restitution. (*People* v. *Baumann* (1985) 176 Cal.App.3d 67, 75-76 [222 Cal.Rptr. 32].)

is founded upon the degree of injury to the accident victim rather than upon criminal liability for leaving the scene of the accident.

The record counters Lafantasie's contention. The court separately considered the issues of custody and restitution. Whatever confusion may have clouded the restitution question, it is plain the court recognized Lafantasie had been convicted only of violating section 20001 and could not be punished because of the severity of Diane's injuries. The court said: "But he doesn't stand convicted of anything but a hit and run which is terrible in this case. I have to sentence him for what he's convicted of. [¶] I cannot sentence him because of the injuries; I can't do that. If he had injured someone and broken their toe, he's just as guilty as he is even though he caused these horrible injuries. And that's what I'm required to sentence him on."

The record indicates the court imposed work furlough custody because of Lafantasie's unusually callous act of leaving the scene of what was obviously an accident involving potentially serious injury. Counsel noted Diane was thrown into the air by the impact and cartwheeled over Lafantasie's car. The court is entitled to consider such a circumstance in fashioning conditions of probation. There was no abuse of discretion.

### DISPOSITION

The order of probation is modified by striking the condition that Lafantasie pay restitution of $200 per month to Diane Mulligan's conservator. The order staying payment of a $300 restitution fine is vacated. In all other respects the judgment is affirmed.

Work, J., and Butler, J., concurred.