*Supp. 15 Opinion
OSBORNE, J.
—The defendant driver hit several unoccupied, legally parked cars causing property damage, and fled from the scene. Ultimately, he pleaded guilty to violation of Vehicle Code section 20002, subdivision (a). The court granted him probation, on the condition that he pay restitution to the owners for the damage to their cars.
Defendant appeals, arguing that, as a matter of law, the court is precluded from ordering restitution as a condition of probation for a violation of Vehicle Code section 20002. We disagree and affirm the judgment.
We briefly summarize the historical development of restitution, and review cases considering the validity of conditions of probation, especially in the light of the policies expressed in Proposition 8 adopted by the voters in June 1982.
The Development of Restitution
Restitution has been a feature of most legal systems as a substitute for personal retaliation or revenge.[1] The English system of restitution developed so that the offender could buy back his peace by making a payment to the injured person and paying a fine to the king. As the process became an important source of revenue to the government, the payment of restitution to the victim was gradually absorbed by the fine paid to the state, and the victim’s right to compensation through the criminal process declined.
Courts have rationalized the result by pointing to a supposed division between civil and criminal cases, and sometimes pejoratively disclaiming any function as a collection agency[2]. See, for example, People v. Williams (1966) 247 Cal.App.2d 394, 405 [55 Cal.Rptr. 550], and People v. Richards (1976) 17 Cal.3d 614, 620 [131 Cal.Rptr. 537, 552 P.2d 97].
*Supp. 16 The emphasis turned so exclusively from the victim to the convicted criminal that restitution was justified by its perceived ability to rehabilitate the offender. This led to another pronouncement: “It is obvious that unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted, this salutary rehabilitative effect cannot take place.” (People v. Richards, supra, 17 Cal.3d at p.622.)
On June 8, 1982, California voters rejected the approach to restitution focused only on the welfare of the offender. They enacted an initiative measure popularly known as “The Victims’ Bill of Rights.” The measure added article I, section 28, subdivision (b) to the California Constitution.[3] As required by the new constitutional provision, the Legislature enacted and the Governor signed the Crime Victim Restitution Program of 1983,[4] effective January 1, 1984.
As discussed herein, Proposition 8 and the Crime Victim Restitution Program of 1983 require and authorize a broader scope of restitution than was previously recognized by California cases.

People v. Lent

Analysis of the validity of a condition of probation typically begins with the test enunciated in People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]. A condition of probation will not be held invalid unless (1) it has no relationship to the crime of which the offender was convicted, (2) it relates to conduct which is not in itself criminal, and (3) it requires or forbids conduct which is not reasonably related to future criminality. “Cohversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.” (People v. Lent, supra, at p. 486.) That formulation validates a condition requiring conduct (here restitution) if it is “reasonably related to the crime” of which the defendant was convicted or to future criminality. It does not require that that relationship be a direct consequence of the precise act of which defendant was convicted.
*Supp. 17 In the present case, the victim owners were damaged when the defendant struck their unoccupied, legally parked cars. The act of striking and the resulting damage created liability which defendant tried to avoid by fleeing. Although the defendant’s act of striking and damaging the parked cars did not alone constitute the crime of which defendant was convicted, the striking and damaging were elements of the crime. Although not the crime per se, the hitting, the damage, and the payment therefor clearly are “related to the crime” of which defendant was convicted. Applying the People v. Lent criteria (supra, 15 Cal.3d 481), the trial court’s imposition of a probation condition requiring payment of restitution is valid.
Cases After Lent and Direct Consequence Analysis
There have been four reported California cases since People v. Lent, supra, 15 Cal.3d 481, considering the issue of restitution orders as a condition of probation following conviction of hit and run. They are People v. O’Rourke (1980) 105 Cal.App.3d Supp. 1 [165 Cal.Rptr. 92], People v. Walmsley (1985) 168 Cal.App.3d 636 [214 Cal.Rptr. 170], People v. Corners (1985) 176 Cal.App.3d 139 [221 Cal.Rptr. 387], and People v. Lafantasie (1986) 178 Cal.App.3d 758 [224 Cal.Rptr. 13].
In People v. O’Rourke, supra, 105 Cal.App.3d Supp. 1, the San Francisco Superior Court Appellate Department reversed a probation order requiring restitution after a conviction of violation of Vehicle Code section 20002, subdivision (a).[5] We question the analysis in O’Rourke. The court stated that the crime is the act of leaving the scene of the accident whereas the damage to property was caused by acts which occurred prior to the criminal act. As we read the first element stated in People v. Lent, supra, 15 Cal.3d 481, it does not require that restitution be for damage only from the crime of which the offender was convicted, but only that it be related to the crime. Indeed, Lent affirmed restitution for conduct not resulting in conviction.
*Supp. 18 In People v. Walmsley, supra, 168 Cal.App.3d 636, the court upheld a probation condition requiring restitution to the victim after the defendant pleaded guilty to hit and run driving with an injury involved (Veh. Code, § 20001). “Restitution as a condition of probation is favored by public policy both as a means of doing justice to the victim (Cal. Const., art. I, § 28, subd. (b)), and for rehabilitation of the offender (Pen. Code, § 1203.1; Charles S. v. Superior Court, (1982) 32 Cal.3d 741, 748 [187 Cal.Rptr. 144, 653 P.2d 648]).” (People v. Walmsley, supra, at p.639.)
In People v. Corners, supra, 176 Cal.App.3d 139, the defendant was convicted of violation of Vehicle Code section 20001, but was acquitted of a related assault with the vehicle. The trial court did not impose restitution. The People appealed. The Court of Appeal followed O’Rourke, supra, 105 Cal.App.3d Supp. 1, and affirmed. The court noted that the crime occurred in July of 1982 so that Proposition 8 applied, but the restitution provision was not self-executing and the Legislature had not yet adopted Penal Code section 1203.04. (Corners, supra, at p.143, fn. 3.)
In People v. Lafantasie, supra, 178 Cal.App.3d 758, the court reversed a restitution order in a Vehicle Code section 20001 case. There was serious injury, but the victim was jaywalking when struck by the defendant. The trial court disclaimed knowing whether the defendant was 2 percent or 98 percent at fault. In the present case, there is no question regarding fault.[6] The court in Lafantasie did not discuss Proposition 8 or the Crime Victim Restitution Program of 1983.
O’Rourke, Corners, and Lafantasie all appear to test the validity of probation conditions for restitution by requiring compensable damages to be the direct consequence of the act constituting the crime of which the defendant was convicted, rather than related to the crime. Such a test would call into question conditions of probation that are indisputably proper. Valid conditions of probation that do not mesh neatly with such requirements include the following:
1. Have your fingerprints taken and preserved. Penal Code section 1203.1; People v. Municipal Court (1956) 145 Cal.App.2d 767, 773 [303 P.2d 375]. (Unless otherwise indicated, all section references are to the Penal Code.)
2. Be under the supervision of and report to a judge or probation officer. Section 1203b; People v. Municipal Court, supra, 145 Cal.App.2d at p.773.
*Supp. 19 3. Obey all laws. Section 1203.2; People v. Municipal Court, supra, 145 Cal.App.2d at page 774; compare section 1203.4a.
4. Do not become abandoned to improper associates or a vicious life. Section 1203.2; People v. Municipal Court, supra, 145 Cal.App.2d at page 774. Live an honest and upright life. Compare section 1203.4a.
5. Go to work and earn money for the support of dependents or to pay any fine or reparation, keep an account of earnings, report them and apply them as directed by the court. Section 1203.1.
6. Pay the costs of an emergency response pursuant to Government Code section 53150 et seq. Sections 1203.1 and 1203.1/.
7. Pay the cost of the presentence investigation and report. Section 1203.1b.
8. Pay the cost of probation services. Section 1203.1b.
9. Pay the cost of incarceration. Section 1203.1c.
Section 1202.7 provides that “the loss to the victim” shall be one of “the primary considerations in the granting of probation.”
The terms listed above[7] are valid because they are authorized or required by statute, and because they are reasonable, even though it cannot be said that each has a direct relationship to the precise act constituting the crime of which the defendant was convicted. Other terms not specifically authorized by statute are generally authorized by section 1203.1,[8] and should likewise be sustained if they are reasonable under all the circumstances of the case, unless precluded by constitution or statute.
Put in a different way, if the conditions listed above are reasonable and valid, as we believe they are, then the restitution condition imposed in this *Supp. 20 case is reasonable and valid, and cannot be invalidated as not having a sufficient relationship to the offense.
Given the conflict between decisions, we believe Walmsley is a more persuasive analysis of Lent than are O’Rourke, Corners, and Lafantasie, even without consideration of Proposition 8. Proposition 8 and the restitution statutes reinforce that conclusion.
Proposition 8
Proposition 8 and the Crime Victim Restitution Program of 1983 made major changes in the policies underlying the imposition of restitution. Section 1203.04 provides that in every case where a person is convicted of a crime and is granted probation, the court shall require, as a condition of probation, that the person make restitution to the victim, if the crime involved a victim, and to the restitution fund, if the crime did not involve a victim.
It would be unreasonable to interpret section 1203.04 to provide that a defendant must pay restitution to the restitution fund where there is no victim, yet must not be required to pay restitution to the victims whose cars he struck and damaged in a hit and run case. This conclusion is confirmed by section 1203.04, subdivision (f) which provides that nothing in the section shall be construed to limit the authority of the court to provide conditions of probation. (See People v. Baumann (1985) 176 Cal.App.3d 67, 82-83 [222 Cal.Rptr. 32].)
Conclusion
We hold the restitution order in the present case is valid under the basic test set forth by the California Supreme Court in People v. Lent, supra, 15 Cal.3d 481. Although arguably distinguishable, some Court of Appeal decisions since Lent (i.e., Corners, supra, 176 Cal.App.3d 139, and Lafantasie, supra, 178 Cal.App.3d 758) have held that restitution cannot be required as a condition of probation in hit-and-run cases. However, neither of those cases considered the effect of Proposition 8, section 1203.04, and the other sections adopted since People v. Lent requiring reimbursement of expenses. They are therefore not controlling. (Meehan v. Hopps (1955) 45 Cal.2d 213, 217-218 [288 P.2d 267].)
Proposition 8, and statutes adopted since the passage of Proposition 8, show a clear and strong policy in favor of shifting the costs related to a crime back to the convicted defendant. Thus, as noted above, sections 1203.1b and 1203.1c provide for imposing on a probationer the costs of *Supp. 21 presentence investigation and report, probation services, and incarceration. Reimbursement of those costs is authorized even though the costs were not directly caused solely by the final act constituting the crime of which the defendant was convicted. Payment of fines and restitution is given a higher priority than payment of the reimbursable costs authorized as noted above. (§ 1203. Id.)
Proposition 8 and the implementing statutes place a strong emphasis on restitution by probationers. Appellant would have us find as a matter of law that there was no victim of defendant’s final act of fleeing, with the consequence that section 1203.04 would require him to make restitution to the restitution fund and not to the owners of the cars he damaged. It is more in line with the intent of the voters and the Legislature to interpret the section to mean that the owners of the cars defendant struck were victims entitled to restitution as a matter of right. Even more to the point, if restitution to the owners in this case was not mandatory, it certainly was not an abuse of discretion, and was validly imposed under the provisions of sections 1202.7 and 1203.1.
The judgment (order requiring restitution as a condition of probation) is affirmed.
Lane, P. J., and Bradley, I, concurred.

See 2 Pollock & Maitland, The History of English Law (2d ed. 1968); Harland, Monetary Remedies for the Victims of Crime: Assessing the Role of the Criminal Courts (1982) 30 UCLA L. Rev. 52; Jacob, Reparation or Restitution by the Criminal Offender to his Victim: Applicability of an Ancient Concept in the Modem Correctional Process (1970) 61 J. Crim. L., Criminology 152; Laster, Criminal Restitution: A Survey of Its Past History and an Analysis of Its Present Usefulness (1970) 5 U. Rich. L. Rev. 71; Mueller, Compensation for Victims of Criminal Violence: A Round Table (1959) 8 J. Pub. L. 218; Schafer, Victim Compensation and Responsibility (1970) 43 So. Cal. L. Rev. 55; Note, Compensation for the Criminally Injured Revisited: An Emphasis on the Victim? (1971) 47 Notre Dame L. Rev. 88; Note, Restitution for Crime Victims: The California Legislature Responds to Proposition 8 (1984) 14 Sw. U. L. Rev. 745; and Note, But What About The Victim? The Foresaken (sic) Man in Criminal Law (1969) 22 U. Fla. L. Rev. 1.

Why it was considered undesirable to help a victim of a crime collect restitution is not made clear.

The new section provides: “It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section.”

The Crime Victim Restitution Program of 1983 consisted of 10 bills: Statutes 1983, chapters 408, 421, 568, 932, 938, 939, 940, 954, 981, and 1092.

At page Supp. 4, the O’Rourke court recited the Lent statement that a condition of probation will be invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
O’Rourke also relied on language from People v. Richards, supra, 17 Cal.3d 614, at page 622, stating that the required rehabilitative effect cannot take place unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted. Without inquiring about the evidence or legislative finding to support that conclusion, we do not believe that is any such requirement following Proposition 8. Richards and O’Rourke were decided before the passage of Proposition 8 and the Crime Victim Restitution Program of 1983.
The O’Rourke court refused to hold that restitution for property damage can never be ordered as a condition of probation for such a violation. (O’Rourke, supra, 105 Cal.App.3d at p. Supp. 6.)

The court which decided Lafantasie was the same division of the Court of Appeal that decided Walmsley; it limited Walmsley to its facts. (178 Cal.App.3d at pp.763-764.)

The imposition of costs authorized under sections 1203.1b and 1203.1c are not as conditions of probation, but as separate orders that may be made in cases in which a defendant is granted probation. Each of those sections provides that execution may be issued on the order in the same manner as a judgment in a civil action, but the order shall not be enforced by contempt. Obviously, the Legislature has not considered criminal consequences to be completely incompatible with consequences having civil characteristics. Indeed, section 1203.04 provides that restitution collected shall be credited to other judgments obtained by the victim.

Section 1203.1 authorizes any other reasonable conditions which the court may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.