[No. B101160. Second Dist., Div. Two. Oct. 18, 1996.]

THE PEOPLE, Petitioner, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT OF
LOS ANGELES COUNTY, Respondent;
JERRY GONZALES, Real Party in Interest.

**COUNSEL**

James K. Hahn, City Attorney, Debbie Lew and Amy Jo Field, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

F. Lee Fletcher for Real Party in Interest.

## OPINION

**BOREN, P. J.**—The People seek a writ of mandate directing the appellate department of the superior court to set aside that portion of its February 8, 1996, judgment reversing that portion of a municipal court order of probation requiring that real party in interest Jerry Gonzales (Defendant) pay restitution.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was convicted of fleeing the scene of an automobile accident which caused property damage, in violation of Vehicle Code section 20002, subdivision (a). The municipal court found Defendant to be liable for the collision, and granted probation on condition that he pay restitution for the property damage.

Relying primarily on *People* v. *Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97] (*Richards*), Defendant appealed, taking the position that the trial court had no jurisdiction to order restitution as a condition of probation unless Defendant hit the vehicle with the same state of mind with which he fled the scene of the collision, i.e., with a culpable state of mind. While Defendant's appeal was pending, our Supreme Court issued its decision in *People* v. *Carbajal* (1995) 10 Cal.4th 1114, 1126 [43 Cal.Rptr.2d 681, 899 P.2d 67] (*Carbajal*), ruling that a defendant's intent is irrelevant to the trial court's decision regarding restitution.

The appellate department of the superior court refused to apply *Carbajal* retroactively, and reversed the municipal court judgment. This petition followed.

### II. DISCUSSION

#### A. *Contentions*

The People contend that *Carbajal* must be applied retroactively because *Richards* (and the appellate court decisions following it) simply

misconstrued the restitution statutes.[1] *Carbajal*, argue the People, merely gave effect to the statutory rule set forth in Penal Code section 1203.1, and thus did not change the law.

### B. *Did Carbajal Establish a New Rule of Law?*

 To determine whether a decision is to be given retroactive effect, we are required to undertake a threshold inquiry: does the decision establish a new rule of law? (*People* v. *Guerra* (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr. 162, 690 P.2d 635].) "If the decision establishes a new rule of law, a second question arises: was there a prior rule to the contrary? If there was, the new rule . . . may or may not be retroactive." (*Ibid.*)

In *Richards*, the defendant was charged with two counts of grand theft involving two separate transactions and two different victims. He was convicted on one count and acquitted on the other. He was placed on probation on condition he pay restitution to the person involved in the transaction of which he was acquitted. In striking that condition of probation, the court looked to the purpose of Penal Code section 1203.1, which is to rehabilitate the criminal, and found that "unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted, this salutary rehabilitative effect cannot take place." (*Richards*, *supra*, 17 Cal.3d at p. 622.) Ordering the defendant to pay restitution on the charged act of which he was acquitted would not have the effect of rehabilitating him on his "proved criminal behavior" toward the victim of the crime of which he was convicted. (*Id.* at p. 623.)

 Relying on *Richards*, the defendant in *Carbajal* argued that restitution was improper "because the act of driving into the victim's car was not necessarily committed with the same state of mind as the act of unlawfully leaving the scene." (*Carbajal*, *supra*, 10 Cal.4th at p. 1126.) Our Supreme court rejected this argument and explained that its holding in *Richards* was limited to the facts of that case: "[W]e find [*Richards*] factually distinguishable, because, unlike *Richards*, defendant *admitted* fleeing from the scene of the accident and was convicted of that offense. Therefore, in this case the restitution condition does *not* relate to an act of which the probationer was acquitted." (*Ibid.*, italics in the original, citing *Richards*, *supra*, 17 Cal.3d at p. 616.)

Clearly, our Supreme Court never intended for the same state of mind test to apply to crimes of which the defendant had been convicted. The same

---

[1]*Carbajal* held that nothing in Penal Code section 1203.04 "purports to limit or abrogate the trial court's discretion under Penal Code section 1203.1, to order restitution as a condition of probation." (10 Cal.4th at p. 1122.) Section 1203.04 was repealed effective August 3, 1995.

state of mind test was but an example of the "extraordinary circumstances" under which probation may be conditioned on restitution of money involved in an alleged crime of which the defendant was acquitted. (*Carbajal, supra,* 10 Cal.4th at p. 1126, citing *Richards, supra,* 17 Cal.3d at p. 616.)

*Carbajal* also disapproved any interpretation of *Richards* which read in a blanket requirement "that trial courts refrain from conditioning probation on restitution 'unless the act for which the defendant is ordered to make restitution was committed with the same state of mind as the offense of which he was convicted.'" (*Carbajal, supra,* 10 Cal.4th at p. 1126.) The court explained that, in the case of a defendant convicted of fleeing the scene of an accident, his "state of mind at the time he hit the parked car is irrelevant to the trial court's determination that . . . a restitution order would make amends 'to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.' (Pen. Code, § 1203.1, subd. (j).)" (*Ibid.*) Thus, our Supreme Court did not overrule the same state of mind language set forth in *Richards*; it simply explained that it never intended for courts to treat it as a prerequisite to restitution in all cases.

Defendant contends that the "*Richards* rule" was followed in *People* v. *Corners* (1985) 176 Cal.App.3d 139 [221 Cal.Rptr. 387] (*Corners*); *People* v. *Lafantasie* (1986) 178 Cal.App.3d 758 [224 Cal.Rptr. 13] (*Lafantasie*); and *People* v. *Escobar* (1991) 235 Cal.App.3d 1504 [1 Cal.Rptr.2d 579] (*Escobar*). These decisions, however, are examples of lower court opinions which misinterpreted both the applicable statute and the *Richards* decision. In each of these cases, the court held that the trial court did not have the discretion to order restitution as a condition of probation because the same state of mind test set forth in *Richards* was not met where the act which caused the loss—the hitting—was not committed with the same state of mind as the act which constituted the crime—fleeing the scene of the accident—the offense of which he was convicted. (*Escobar, supra,* 235 Cal.App.3d at p. 1511 [trial court improperly ordered restitution for damage neither resulting from crime nor from act performed with same state of mind as when defendant committed crime]; *Corners, supra,* 176 Cal.App.3d at p. 146 [restitution not allowed where no evidence defendant struck the victim with same criminal state of mind as when he fled the scene of the accident]; *Lafantasie, supra,* 178 Cal.App.3d at p. 761 [no evidence to show defendant's leaving the scene of the accident committed with same state of mind as his driving at time of collision].) The lower courts' misapplication of a Supreme Court opinion and misconstruction of the relevant statute, however, "does not prevent the retroactive application of the Supreme Court's authoritative interpretation." (*McManigal* v. *City of Seal Beach* (1985) 166

Cal.App.3d 975, 982 [212 Cal.Rptr. 733], citing *People* v. *Guerra, supra,* 37 Cal.3d 385, 399, fn. 13.)

Until our Supreme Court decided *Carbajal, Richards* was interpreted to mean that unless the defendant hit the vehicle with the same state of mind with which he fled the scene of the collision, i.e., with a culpable state of mind, the criminal trial court had no discretion to impose restitution for the collision damage as a condition of the defendant's probation for leaving the scene of the accident. (See *Corners, supra,* 176 Cal.App.3d 139; *Lafantasie, supra,* 178 Cal.App.3d 758; *Escobar, supra,* 235 Cal.App.3d 1504.) ▪ A decision establishes a new rule of law only if it explicitly overrules a precedent of the California Supreme Court, or disapproves a long-standing and widespread practice expressly approved by a near-unanimous body of lower court authorities. (*People* v. *Guerra, supra,* 37 Cal.3d at p. 401.) ▪ Our Supreme Court did not overrule *Richards* in *Carbajal;* it merely explained its prior decision. At the same time, it made clear that lower court decisions such as *Corners, Lafantasie* and *Escobar* had misinterpreted *Richards.*

Accordingly, *Carbajal* must be applied retroactively.

### III. DISPOSITION

The superior court appellate department is ordered to set aside that portion of its February 8, 1996, decision that directed the municipal court to set aside that portion of its probation order requiring defendant to pay restitution as a condition of probation, and enter a new and different order affirming the order of probation in its entirety. The temporary stay imposed on April 25, 1996, is vacated.

Fukuto, J., and Nott, J., concurred.