[No. D034595. Fourth Dist., Div. One. Sept. 14, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE WAYNE WOOD, Defendant and Appellant.

**COUNSEL**

Steve J. Carroll, Public Defender, and Matthew Braner, Deputy Public Defender, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, William M. Wood and Holly D. Wilkens, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HUFFMAN, Acting P. J.**—This case presents the question of whether a conviction for violation of the "hit and run" statute (Veh. Code, § 20001), during which the victim is seriously injured, automatically qualifies as a

serious felony. We follow the principle that the gravamen of the offense of hit and run is the flight of the defendant from the scene of the accident. Thus we determine that such conviction can only be a serious felony where the defendant's flight is the cause of the serious injury. Such was not the case in the prior conviction before us.

Lawrence Wayne Wood entered a guilty plea to corporal injury upon a spouse (Pen. Code,[1] § 273.5, subd. (a)). He also admitted a prior conviction for violation of Vehicle Code section 20001, which had been alleged as a serious/violent felony within the meaning of section 667, subdivisions (b) through (i). Wood reserved the right at sentencing to argue the prior conviction did not qualify as a "strike."

The trial court denied Wood's motion to strike the serious/violent felony prior and sentenced Wood to a determinate term of six years, consisting of the middle term of three years for infliction of corporal injury on a spouse, doubled pursuant to section 667, subdivision (e)(1).

Wood appeals contending the trial court erred in finding his conviction for hit and run under Vehicle Code section 20001 constituted a serious felony. We agree and remand the case for resentencing.[2]

## DISCUSSION

Wood suffered a prior conviction for hit and run in violation of Vehicle Code section 20001. The prosecutor alleged in the current case that the victim of the incident was seriously injured. Accordingly, the prosecutor argued that such conviction constituted a felony in which the defendant personally inflicted great bodily injury within the meaning of Penal Code section 1192.7, subdivision (c)(8). Based on such reasoning the prosecution persuaded the trial court that the prior felony conviction constituted a "strike." Relying on the reasoning of *People v. Braz* (1998) 65 Cal.App.4th 425 [76 Cal.Rptr.2d 531], Wood contends the trial court erred in its application of section 1192.7, subdivision (c)(8) to this case. We believe *Braz* is controlling in this case and reverse the true finding on the serious/violent felony prior conviction. We will remand for resentencing.

Vehicle Code section 20001, subdivision (a) provides: "(a) The driver of any vehicle involved in an accident resulting in injury to any person, other than himself or herself, or in the death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of

---

[1]All statutory references are to this code unless otherwise stated.

[2]Given the limited nature of this appeal we will omit the traditional statement of facts.

Sections 20003 and 20004." Vehicle Code sections 20003 and 20004 essentially require drivers to render reasonable aid to the injured person and to furnish identification to that person and law enforcement authorities. In lay terms, Vehicle Code section 20001, subdivision (a) describes the crime of hit and run. Penal Code section 1192.7, subdivision (c)(8) defines a serious felony as: "(8) Any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm."

█ In order to determine whether a prior felony conviction for an offense not specifically listed in section 1192.7, subdivision (c) is a serious felony a court may examine the entire record of that conviction. (*People v. Reed* (1996) 13 Cal.4th 217, 226 [52 Cal.Rptr.2d 106, 914 P.2d 184].) Such record can include the transcript of the preliminary hearing on cases such as this where the conviction arises from a guilty plea. (*People v. Bartow* (1996) 46 Cal.App.4th 1573 [54 Cal.Rptr.2d 482].)

█ The trial court did not have the transcript of the preliminary examination for the prior conviction at the time of its ruling. We have since taken judicial notice of the transcript and the record of the conviction. The court accepted the representations that Wood was the driver at the time of the prior offense and that his driving was the cause of the injury.[3] Thus, the court concluded the prior conviction involved the personal infliction of great bodily injury.

The record of the prior conviction shows that the victims were injured in the car crash. Apparently Wood and his companion were fleeing from the police when their car rammed into the victims' vehicle. Wood fled from the crash scene and was apprehended within a minute of his flight. Thus, the record of the prior conviction shows the injury to the victims was the result of the driving and not of the flight. Apparently Wood was charged with various driving offenses in connection with that event, but was only required to plead to hit and run.

In *People v. Braz, supra*, 65 Cal.App.4th 425, 431-433 the court discussed the hit and run statute. There the court dealt with the question of whether the sentence-enhancing provisions of Vehicle Code section 20001, subdivision (b)(2) were applicable to the conviction before it. The enhancing section increases punishment for violations of Vehicle Code section 20001, subdivision (a) that result in permanent, serious bodily injury to the victim. In determining whether the enhancement applied the court was required to

---

[3] In his statement to the probation officer in the prior offense Wood denied he was the driver of the car.

review the law regarding the nature or gravamen of hit and run. It said: "Section 20001, subdivision (a) describes a standard of conduct for drivers who are involved in accidents causing injury to other persons, whether or not the drivers are responsible for the accident. (See *People* v. *Jimenez* (1992) 11 Cal.App.4th 1611, 1625-1626 [15 Cal.Rptr.2d 268], disapproved on other grounds in *People* v. *Kobrin* (1995) 11 Cal.4th 416, [427], fn. 7 [45 Cal.Rptr.2d 895, 903 P.2d 1027].) 'The gravamen of a section 20001 offense . . . is not the initial injury of the victim, *but leaving* the scene without presenting identification or rendering aid.' (*People* v. *Escobar* (1991) 235 Cal.App.3d 1504, 1509 [1 Cal.Rptr.2d 579]), italics added; see also *People* v. *Corners* (1985) 176 Cal.App.3d 139, 148 [221 Cal.Rptr. 387] ['Although a violation of section 20001 is popularly denominated "hit-and-run," the act made criminal thereunder is not the "hitting" but the "running." '] It thus follows that a court may not impose the penalties set forth in subdivision (b)(2) unless the defendant's failure to stop and present identification and render aid causes permanent, serious injury to the accident victim. [Citations]." (*People v. Braz, supra* 65 Cal.App.4th at p. 432, fn. omitted.)

We distill from *People v. Braz, supra*, 65 Cal.App.4th 425 and the cases cited therein that Vehicle Code section 20001 does not make criminal the actual accident or event which causes the physical contact with the victim. It merely addresses the duties of a driver, however otherwise innocent, once the accident and its attendant injuries have occurred. Thus the court in *Braz* concluded the enhancement it was considering could apply only where the flight was the cause of the permanent, serious bodily injury or death. We agree with the reasoning of *Braz* and the cases upon which it relies. We reject the Attorney General's contention that *Braz* was wrongly decided.

Our inquiry must continue beyond the boundaries of the decision in *People v. Braz supra,* 65 Cal.App.4th 425. Here we must determine if the violation of Vehicle Code section 20001, under circumstances where the victim was seriously injured, constitutes a serious felony as defined in Penal Code section 1192.7, subdivision (c)(8). We are guided in that analysis first by the reasoning in *Braz* which makes clear Vehicle Code section 20001 focuses on flight, not the physical contact with the victim. We are further guided by Penal Code section 1192.8 in which the Legislature sought to clarify which crimes involving vehicles constitute serious felonies. That section provides, in part: "(a) For purposes of subdivision (c) of Section 1192.7, 'serious felony' also means any violation of Section 191.5, paragraph (1) or (3) of subdivision (c) of Section 192, paragraph (a) or (c) of Section 192.5 of this code, or Section 2800.3, subdivision (b) of Section 23104, or Section 23153 of the Vehicle Code, when any of these offenses involve the personal infliction of great bodily injury on any person other

than an accomplice, or the personal use of a dangerous or deadly weapon, within the meaning of paragraph (8) or (23) of subdivision (c) of Section 1192.7." (*Ibid.*)

Vehicle Code section 20001 is not mentioned in Penal Code section 1192.8, nor has any case to our knowledge found such offense to be a serious felony. We think the absence of legislative recognition of hit and run as a serious felony when it has specifically included other driving offenses in section 1192.8 demonstrates an intent to exclude it from the definition of serious felony under section 1192.7, subdivision (c)(8). (See *Clements v. T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 231-232 [273 P.2d 5]; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 461-462 [279 Cal.Rptr. 834, 807 P.2d 1063]; *In re Joseph B.* (1983) 34 Cal.3d 952, 957 [196 Cal.Rptr. 348, 671 P.2d 852].) Such exclusion makes sense in light of the judicial interpretation of the hit and run statute because it does not seek to make criminal the conduct which causes the physical contact with the victim, as contrasted with the other violations enumerated in section 1192.8.

We hold, therefore that where the defendant causes serious bodily injury by the manner of the original impact with the victim while driving and thereafter fails to stop as required by Vehicle Code section 20001, such conduct does not qualify as a serious felony under Penal Code section 1192.7, subdivision (c)(8).[4] We do not address the question of whether causing such injury by leaving an injured victim could constitute a serious felony. Such circumstances are not presented by this record.

## DISPOSITION

The true finding on the alleged prior conviction under section 667, subdivisions (b) through (i) is reversed. The case is remanded to the trial court for resentencing in accordance with the principles expressed in this opinion. In all other respects the judgment is affirmed.

Haller, J., and McIntyre, J., concurred.

---

[4]The prosecution is not without remedy to address drivers who, through unlawful conduct, cause injury by their driving. Section 1192.8 gives clear examples of how the prosecution may obtain a conviction of a serious felony in such instances. For reasons not discussed in this record the prosecution chose not to pursue such options. While we share the view the conduct of Wood in both the prior offense and the current offense is despicable, the prior conviction in this case simply does not qualify as a serious felony.