[No. G042837. Fourth Dist., Div. Three. Oct. 12, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR VALDEZ, Defendant and Appellant.

COUNSEL

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gil Gonzalez and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MOORE, J.**—In a prosecution for violation of Vehicle Code[1] section 20001, subdivision (a), commonly referred to as a hit and run but more accurately described as fleeing the scene of an injury accident, will the injuries suffered *in the accident and not* aggravated in any manner by defendant's failure to thereafter stop and render assistance support a Penal Code section 12022.7,

---

[1] All undesignated statutory references are to the Vehicle Code.

subdivision (a) great bodily injury enhancement? That Penal Code section requires infliction of great bodily injury in the "commission of a felony or attempted felony." The existence of an injury suffered in a traffic accident is a condition precedent to the imposition of a duty imposed upon a driver by section 20001, subdivision (a) and section 20003, subdivision (a) to stop and render aid. Thus, section 20001 makes criminal the flight from the accident, not the accident. As the defendant in this case was not committing or attempting to commit a felony at the time of the accident, the injury suffered during the accident was not inflicted in the course of the commission of a felony or attempted felony within the meaning of Penal Code section 12022.7.

## I

## FACTS

The information charged defendant Victor Valdez[2] with being an unlicensed driver (§ 12500, subd. (a); a misdemeanor) and with fleeing the scene of an injury accident (§ 20001, subd. (a)). The information also alleged defendant personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) during the commission of the felony. The jury found defendant guilty of the charged offenses and found true the great bodily injury enhancement. The count sentenced defendant to state prison for a term of four years four months, consisting of 16 months (low term) for the violation of section 20001, subdivision (a) plus three years for the enhancement.

David Wiesen heard a collision outside his home on Malvern Avenue in Fullerton on February 14, 2008, about 9:30 or 9:45 in the evening. The collision did not sound like cars colliding. He looked out his window and saw a female in the middle of the street with grocery bags strewn across the street. Once outside, he immediately recognized the woman as a neighbor, Kaitlin Lyons. Wiesen did not think Lyons was conscious.

Anthony Diaz, a police officer with the Fullerton Police Department, determined Lyons had been struck by a vehicle and began a search for the vehicle. He located the vehicle within an hour. The driver's side fender was damaged and the driver's side windshield was broken to the extent it would have been difficult to see out of it. Inside the vehicle, Diaz found an envelope addressed to "Victor Valdes." Defendant's college photo identification was in the glove compartment.

Officer Brandon Clyde contacted the registered owner of the vehicle who stated he lent the car to Victor Valdez and that Valdez was paying off the vehicle. It was "quite a few months later" before police made contact with defendant.

---

[2] Throughout the record defendant is referred to as Valdes and Valdez. We use Valdez because that is how his last name is spelled on the information and the abstract of judgment.

In June 2008, defendant telephoned Clyde. Defendant "turned himself in" on June 19. He admitted hitting Lyons during questioning by the police: "[O]ut [of] nowhere like I just saw like the lady, she was crossing the street. And then I saw her looking at me like she saw me and then I'm all, I thought she was going to stop but I saw like she kept like walking so I was losing my speed and then I just started like, like swerving little by little, like that way. But I guess she didn't, she never stopped and then she like just kept on walking and walking and then I just like less and the last thing I did was, like I just tried to swerve but she hit the corner of my car. And that's how she got hurt."

Defendant told Clyde that after he hit Lyons, his foot was on the gas pedal and he kept on going. He made a right turn at the corner, made another right turn at the next street light, and parked the car.

The parties stipulated Lyons suffered the following injuries in the accident: "1) Fractures to her left eye orb, left cheek, right scapula, right clavicle, five ribs, and left hip joint, as well as a chipped sacrum; 2) bruised liver and spleen; and 3) brain injuries."

## II

## DISCUSSION

Section 20001, subdivision (a) requires the driver of any vehicle involved in an accident resulting in the injury or death of another to "immediately stop the vehicle at the scene of the accident and . . . fulfill the requirements of Sections 20003[3] and 20004.[4]" The driver's duty to stop

---

[3] "(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his or her name, current residence address, the names and current residence addresses of any occupant of the driver's vehicle injured in the accident, the registration number of the vehicle he or she is driving, and the name and current residence address of the owner to the person struck or the driver or occupants of any vehicle collided with, and shall give the information to any traffic or police officer at the scene of the accident. The driver also shall render to any person injured in the accident reasonable assistance, including transporting, or making arrangements for transporting, any injured person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if that transportation is requested by any injured person.

"(b) Any driver or injured occupant of a driver's vehicle subject to the provisions of subdivision (a) shall also, upon being requested, exhibit his or her driver's license, if available, or, in the case of an injured occupant, any other available identification, to the person struck or to the driver or occupants of any vehicle collided with, and to any traffic or police officer at the scene of the accident." (§ 20003.)

[4] "In the event of death of any person resulting from an accident, the driver of any vehicle involved after fulfilling the requirements of this division, and if there be no traffic or police officer at the scene of the accident to whom to give the information required by Section 20003,

and fulfill the requirements of sections 20003 and 20004 applies "whether or not he is responsible for the accident. [Citation.]" (*People v. Bammes* (1968) 265 Cal.App.2d 626, 632 [71 Cal.Rptr. 415].) "Although a violation of section 20001 is popularly denominated 'hit-and-run,' the act made criminal thereunder is not the 'hitting' but the 'running.' The legislative purpose of sections 20001 and 20003 is to prevent the driver of a vehicle involved in an injury-causing accident from leaving injured persons in distress and danger for want of medical care and from attempting to avoid possible civil or criminal liability for the accident by failing to identify oneself. This duty is imposed upon drivers whether or not they are responsible for the accident itself. [Citations.]" (*People v. Corners* (1985) 176 Cal.App.3d 139, 148 [221 Cal.Rptr. 387]; see *People v. Carbajal* (1995) 10 Cal.4th 1114, 1123, fn. 10 [43 Cal.Rptr.2d 681, 899 P.2d 67].)

█ Penal Code section 12022.7, subdivision (a) creates a three-year enhancement for "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice *in the commission of* a felony or attempted felony . . . ." (Italics added.) Defendant personally inflicted great bodily injury during the traffic accident and does not argue otherwise. The Attorney General does not contend the injuries were aggravated by defendant's flight, the criminal act. The issue then is whether defendant was engaged "in the commission of a felony or attempted felony" at the time of the traffic accident that caused the injuries in this matter. The only felony alleged to have been committed is defendant's subsequent flight from the scene.

The issue in this case has not been decided in the present context. Appellate courts have, however, addressed and decided this issue in situations analytically indistinguishable from the present one. (*People v. Wood* (2000) 83 Cal.App.4th 862 [100 Cal.Rptr.2d 115] (*Wood*); *People v. Braz* (1998) 65 Cal.App.4th 425 [76 Cal.Rptr.2d 531] (*Braz*).) We agree with the reasoning and conclusions reached in those decisions.

In *Braz*, the defendant was charged with violating section 20001, subdivision (a). The information also alleged Braz inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) in the commission of the Vehicle Code violation and that the felony qualified as a serious felony pursuant to Penal Code section

---

shall, without delay, report the accident to the nearest office of the Department of the California Highway Patrol or office of a duly authorized police authority and submit with the report the information required by Section 20003." (§ 20004.)

1192.7, subdivision (c)(8).[5] (*Braz, supra*, 65 Cal.App.4th at p. 430.) At the time of Braz's offense, former subdivision (b)(2) of section 20001 provided in pertinent part: " 'Any violation of subdivision (a) *which results in death or permanent, serious injury* shall be punished by imprisonment in the state prison for two, three, or four years . . . .' " (65 Cal.App.4th at p. 427; see Historical and Statutory Notes, 66A West's Ann. Veh. Code (2000 ed.) foll. § 20001, p. 352.)

Braz made a Penal Code section 1118.1 motion to dismiss the special allegation at the conclusion of the People's case. The court dismissed the special allegation, but held the evidence justified submitting the question of whether or not Braz's violation of section 20001, subdivision (a) caused permanent, serious injury to the victim. (*Braz, supra*, 65 Cal.App.4th at p. 430.) The jury found Braz guilty of the Vehicle Code violation and found the victim "had suffered permanent, serious injury within the meaning of section 20001, subdivision (b)(2)." (*Id.* at p. 431.)

■ Braz asserted on appeal that unless the failure to comply with subdivision (a) of section 20001 proximately caused permanent, serious injury, former subdivision (b)(2) did not apply. The appellate court agreed. (*Braz, supra*, 65 Cal.App.4th at p. 431.) "Section 20001, subdivision (a) describes a standard of conduct for drivers who [have been] involved in accidents causing injury to other persons, whether or not the drivers are responsible for the accident. [Citation.] 'The gravamen of a section 20001 offense . . . is not the initial injury of the victim, *but leaving the scene without presenting identification or rendering aid.*' [Citations.] It thus follows that a court may not impose the penalties set forth in subdivision (b)(2) unless the defendant's failure to stop and present identification and render aid causes permanent, serious injury to the accident victim. [Citation.]" (*Id.* at p. 432, fn. omitted.) In other words, for section 20001, former subdivision (b)(2)'s sentencing provisions to apply, the permanent, serious injury must result from a violation of section 20001. It is not enough that the injuries were sustained in the accident that triggers the duty to stop and render aid.[6]

---

[5] Under subdivision (c)(8) of Penal Code section 1192.7, "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, . . ." is a serious felony. A serious felony qualifies as a "strike" under our "Three Strikes" law. (Pen. Code, § 667, subd. (d)(1).)

[6] The Legislature subsequently amended former subdivision (b)(2) of section 20001 to provide the enhanced punishment when "*the accident* described in subdivision (a) results in death or permanent, serious injury . . . ." (§ 20001, subd. (b)(2), italics added; see Historical and Statutory Notes, 66A West's Ann. Veh. Code, *supra*, foll. § 20001, p. 352.)

In *Wood*, the defendant pled guilty to inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)) and admitted he suffered a prior conviction for violating section 20001, but reserved the right to litigate whether the prior conviction qualified as a "strike." (*Wood, supra*, 83 Cal.App.4th at p. 864.) The prosecutor argued Wood personally inflicted great bodily injury in the accident and therefore the conviction qualified as a serious felony within the meaning of Penal Code section 1192.7, subdivision (c)(8).[7] The trial court accepted the reasoning, found the prior conviction was a "strike" and doubled Wood's state prison sentence pursuant to Penal Code section 667, subdivision (e)(1). (83 Cal.App.4th at p. 864.)

On appeal, Wood argued his prior conviction did not qualify as a "strike" under *Braz*. The Court of Appeal agreed. (*Wood, supra*, 83 Cal.App.4th at p. 864.) "[T]he record of the prior conviction show[ed] the injury to the victims was the result of the driving and not of the flight." (*Id.* at p. 865.) The *Wood* court "distill[ed] from [*Braz*] and the cases cited therein that . . . section 20001 does not make criminal the actual accident or event which causes the physical contact with the victim. It merely addresses the duties of a driver, however otherwise innocent, once the accident and its attendant injuries have occurred." (*Id.* at p. 866.) The court went on to hold "that where the defendant causes serious bodily injury by the manner of the original impact with the victim while driving and thereafter fails to stop as required by . . . section 20001, such conduct does not qualify as a serious felony under Penal Code section 1192.7, subdivision (c)(8)." (*Id.* at p. 867.)

*Braz* and *Wood* are consistent with an unbroken line of cases stretching back more than 50 years. (*Brooks v. E. J. Willig Truck Transp. Co.* (1953) 40 Cal.2d 669, 679 [255 P.2d 802] [violation of former hit-and-run statute only gives rise to civil liability "if it is a proximate cause of further injury or death"]; *People v. Corners, supra*, 176 Cal.App.3d at p. 148 [one may violate § 20001, subd. (a) and "not be criminally or civilly responsible for the underlying accident"]; *People v. Escobar* (1991) 235 Cal.App.3d 1504, 1510 [1 Cal.Rptr.2d 579] [" 'act made criminal [under § 20001] is not the "hitting" but the "running" ' "]; *People v. O'Rourke* (1980) 105 Cal.App.3d Supp. 1, 4

---

[7] "In order to determine whether a prior felony conviction for an offense not specifically listed in [Penal Code] section 1192.7, subdivision (c) is a serious felony a court may examine the entire record of that conviction. (*People v. Reed* (1996) 13 Cal.4th 217, 226 [52 Cal.Rptr.2d 106, 914 P.2d 184].)" (*Wood, supra*, 83 Cal.App.4th at p. 865.) After such a review, a prior conviction may properly be found to qualify as a serious felony pursuant to Penal Code section 1192.7, subdivision (c)(8), notwithstanding the fact there had been no finding or admission in the prior proceeding that the defendant personally inflicted great bodily injury within the meaning of Penal Code section 12022.7, subdivision (a). (*People v. Gonzales* (1994) 29 Cal.App.4th 1684, 1688 [35 Cal.Rptr.2d 450] [prior conviction qualified as serious felony "even though infliction of the injury was neither explicitly charged nor explicitly found in the prior proceeding"].)

[165 Cal.Rptr. 92] [accident preceded criminal act of fleeing].) These cases lead to but one conclusion: the injuries sustained in the accident in this case were not inflicted *in the commission of* a felony or attempted felony based upon defendant's subsequent flight.

■ This is not to say a great bodily injury allegation may never attach to a violation of section 20001, subdivision (a). A great bodily injury allegation may attach when the injury was caused or aggravated by the defendant's failure to stop and render aid. (See *Bailey v. Superior Court* (1970) 4 Cal.App.3d 513, 521 [84 Cal.Rptr. 436] [purpose of § 20001 to "prevent aggravation of or further injuries, or . . . save a life"]; *People v. Scheer* (1998) 68 Cal.App.4th 1009, 1021–1022 [80 Cal.Rptr.2d 676] [dragging victim included in § 20001 conviction].) And should an individual flee the scene of one injury accident and, in flight, cause an accident resulting in great bodily injury, it may well be found the injury sustained in the second accident occurred in the commission of the violation of section 20001 in fleeing from the first accident.

We reject respondent's assertion that "[a]n injury suffered solely as the result of the accident and not from any other element of the crime of violating [section 20001], subdivision (a), is nevertheless caused by the crime of violating [section 20001], subdivision (a)." In making this argument he reasons that "[w]hile the gravamen of the offense is leaving the scene of the accident without presenting identification or rendering aid [citations], the crime cannot be committed without the vehicle accident causing injury to the victim. Therefore, the injury to the victim is caused by the crime." "This interpretation not only ignores but directly contradicts the decisional law that unequivocally holds that the purpose of section 20001, subdivision (a) is to punish 'not the "hitting" but the "running." ' " (*People v. Braz, supra,* 65 Cal.App.4th at p. 433.) The injuries were "caused by acts which occurred prior to the criminal act, not as a result of the criminal act." (*People v. O'Rourke, supra,* 105 Cal.App.3d at p. Supp. 4.) The fact that defendant *subsequently* fled does not retroactively alter the character of the accident from noncriminal to criminal.[8]

■ Because we find the Penal Code section 12022.7, subdivision (a) great bodily injury enhancement finding must be reversed, we need not address and do not decide defendant's Penal Code section 654 argument.

---

[8] *Nunquam crescit ex post facto praeteriti delicti aestimatio.* "The character of a past offense is never aggravated by a subsequent act or matter." (Black's Law Dict. (5th ed. 1979) p. 965, col. 1.)

## III

## DISPOSITION

The finding that defendant personally inflicted great bodily injury in the commission of a felony (Pen. Code, § 12022.7, subd. (a)) is reversed. The matter is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.

Bedsworth, Acting P. J., and Aronson, J., concurred.