Filed 1/14/16  P. v. Amaya CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B259268 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA076502) |
| v. | |
| RENE ALVARADO AMAYA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Karen J. Nudell, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Kimberly J. Baker-Guillemet, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Rene Alvarado Amaya pleaded no contest to felony leaving the scene of an accident (Veh. Code, § 20001, subd. (a)). He was sentenced to two years in prison and ordered to pay direct victim restitution. His sole contention on appeal is that the restitution order must be reversed because his criminal conduct, leaving the scene of an accident, did not cause damages. Because his contention has been forfeited, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*[1]

On December 23, 2013, Amaya was driving a black Ford truck at the intersection of Burnet Avenue and Lanark Street when he collided with the victim, Dimitar Batchiyski, who was riding a bicycle. Amaya left the scene. Batchiyski suffered severe head trauma. On December 26, 2013, Batchiyski died from his injuries.

On January 13, 2014, police officers received information from a witness that eventually led them to locate Amaya's truck and trace it to him. Amaya admitted that he had been involved in the accident, and stated that a bicycle hit his truck while he was on his way to work. He knew that he made a mistake by not reporting the accident, but he wanted to get his windshield, which was damaged during the accident, fixed. He had returned to the accident site and saw paramedics treating someone. Several days after the accident, he had his windshield replaced.

2. *Procedure*

Pursuant to a negotiated disposition, Amaya pleaded no contest to felony leaving the scene of an accident, Vehicle Code section 20001, subdivision (a). Defense counsel stipulated to a factual basis for the plea. The trial court sentenced Amaya to two years in prison. It imposed a restitution fine, a suspended parole revocation fine, a criminal conviction fee, and a court security fee.

---

[1]   Because Amaya pleaded no contest before trial, the facts are taken from the probation report. (See *People v. Rubics* (2006) 136 Cal.App.4th 452, 454.)

At a subsequent restitution hearing, the People presented evidence of Batchiyski's lost earnings, funeral expenses, and bicycle cost. The trial court ordered Amaya to pay $164,187.19 in direct victim restitution to Batchiyski's wife, Emilia, pursuant to Penal Code section 1202.4, subdivision (f).

## DISCUSSION

Amaya argues that because the victim did not suffer a loss as the result of his criminal conduct – leaving the scene of the accident – the restitution order must be reversed. We conclude Amaya forfeited this contention because he failed to raise it in the trial court.

The California Constitution provides: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) This constitutional mandate is codified in Penal Code section 1202.4, subdivision (f), which states that "in every case in which a victim has suffered economic loss *as a result of the defendant's conduct*, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (Italics added.) A victim's restitution right is to be broadly and liberally construed. (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 684; *People v. Cowart* (2015) 238 Cal.App.4th 945, 954.) When a court imposes a prison sentence, absent a *Harvey* waiver,[2] Penal Code section 1202.4 victim restitution is limited to losses caused by the criminal conduct for which the defendant sustained the conviction. (*People v. Rahbari* (2014) 232 Cal.App.4th 185, 190; *People v. Woods* (2008) 161 Cal.App.4th 1045, 1050.)

Vehicle Code section 20001, subdivision (a), states: "The driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, or in the death of a person shall immediately stop the vehicle at the scene of the accident and

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

3

shall fulfill the requirements of Sections 20003 and 20004."[3]  "Many courts have concluded that the conduct made criminal by Vehicle Code section 20001, subdivision (b) is fleeing the scene of an injury accident without providing the required information or rendering assistance, rather than causing or being involved in the accident itself."  (*Corenbaum v. Lampkin* (2013) 215 Cal.App.4th 1308, 1340; see *People v. Valdez* (2010) 189 Cal.App.4th 82, 90.)

Amaya points to *People v. Escobar* (1991) 235 Cal.App.3d 1504 (*Escobar*) in support of his argument.  The defendant there pled guilty to a violation of Vehicle Code section 20001 and was placed on probation.  (*Escobar,* at p. 1507.)  The court ordered him to pay restitution as a condition of probation.  The appellate court concluded conviction of the "hit and run" offense was, by itself, legally insufficient to support such an order.  (*Ibid.*)  It reasoned that the "gravamen" of a Vehicle Code section 20001 offense "is not the initial injury of the victim, but leaving the scene without presenting identification or rendering aid.  Thus, a plea of guilty to a 'hit-and-run' offense admits responsibility for leaving the scene but not for causing injury.  Restitution is proper only to the extent that the victim's injuries are caused or exacerbated by the offender's leaving the scene."  (*Escobar*, at p. 1509.)  In other words, Vehicle Code section 20001 focuses on the "running," not on the "hitting."  (*Escobar,* at p. 1509.)

The People argue the restitution order here was proper under *People v. Rubics, supra,* 136 Cal.App.4th 452.  There, the defendant pleaded guilty to violating Vehicle Code section 20001, subdivisions (a) and (b)(2), and was sentenced to prison.  (*Rubics*, *supra,* at p. 454.)  He was ordered to pay direct restitution to the deceased victim's family.  On appeal, he contended that leaving the scene of the accident did not cause the victim's economic loss; the accident did.  *Rubics* concluded that "because an element of the crime of felony hit and run under section 20001, subdivisions (a) and (b)(2) is a defendant's involvement in an accident resulting in the injury or death of

---

[3]     Vehicle Code sections 20003 and 20004 set out the duties of a driver involved in an accident causing injury or death.

4

another, restitution is proper in such a situation because the loss was incurred as a result of the commission of the crime." (*Rubics,* at p. 454.) *Rubics* reasoned that "a necessary element of section 20001 is that [the defendant] was involved in an accident that caused serious injury or death. Thus, although a primary focus of section 20001 may be the act of leaving the scene, a conviction also acknowledges the fleeing driver's responsibility for the damages he or she has caused by being involved in the accident itself." (*Id.* at p. 459.)

Other authorities have criticized *Rubics*'s reasoning. (See *People v. Cowart, supra,* 238 Cal.App.4th at p. 955 [disagreeing with *Rubics* to the extent it suggests that a charge of violating Vehicle Code section 20001, subdivision (a) is based on a defendant causing an accident that results in injury or death]; *Corenbaum v. Lampkin, supra,* 215 Cal.App.4th at p. 1341, fn. 22 [declining to follow *Rubics* to the extent it suggests a Vehicle Code section 20001, subdivision (a) conviction is based in part on the defendant's causing or being involved in the accident].) The issue of whether a defendant, who is convicted of hit and run and sentenced to prison rather than placed on probation, can be required to pay restitution for the injuries the victim suffered in the collision, is currently pending before our Supreme Court. (*People v. Martinez* (2014) 226 Cal.App.4th 1156, review granted Sept. 10, 2014, S219970.)

We need not determine whether *People v. Rubics, supra,* 136 Cal.App.4th 452 correctly states the law in the context presented here, because we agree with the People that Amaya has forfeited his contention. At the restitution hearing, Amaya contended future earnings were not a valid form of restitution, but did not otherwise object to the restitution award. A defendant forfeits a challenge to a restitution order by failing to object at sentencing unless the order was unauthorized. (*People v. Anderson* (2010) 50 Cal.4th 19, 26 & fn. 6; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.) " '[T]he "unauthorized sentence" concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.]' " (*People v. Anderson, supra,* at p. 26.) A sentence is unauthorized where it could not lawfully be imposed under any circumstance in the

5

particular case. (*Ibid.*) " 'An obvious legal error at sentencing that is "correctable without referring to factual findings in the record or remanding for further findings" is not subject to forfeiture.' [Citation.]" (*Ibid.* at p. 26; *People v. Scott* (1994) 9 Cal.4th 331, 354.) "Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*People v. Scott,* at p. 354.)

In *People v. Anderson*, our Supreme Court held that a defendant had not forfeited his claim that a restitution order was improperly imposed. The defendant contended that the trial court had exceeded its statutory authority by ordering restitution to a party who was not an authorized victim under the relevant statutes. (*People v. Anderson, supra,* 50 Cal.4th at p. 26.) As framed, the claim fell within the narrow "unauthorized sentence" exception. (*Ibid.*) In contrast, his claim that the amount of restitution was improper was forfeited because it had not been raised in the trial court. (*Ibid.*, fn. 6.)

Here, the restitution order was not unauthorized. Even assuming *Rubics* was wrongly decided, victim restitution may be awarded when the defendant is convicted of violating Vehicle Code section 20001 if the damages arose from or were exacerbated by his act of leaving the scene. (See *Escobar, supra,* 235 Cal.App.3d at p. 1509 [restitution is proper to the extent the victim's injuries are caused or exacerbated by the defendant's leaving the scene]; *Corenbaum v. Lampkin, supra,* 215 Cal.App.4th at p. 1340 [the damages recoverable in a civil action for violation of Veh. Code, § 20001 "are limited to those caused by fleeing"]; *Bailey v. Superior Court* (1970) 4 Cal.App.3d 513, 521 [a purpose of Veh. Code, § 20001 is to prevent aggravation of or further injuries]; cf. *People v. Valdez, supra,* 189 Cal.App.4th at p. 90 [great bodily injury allegation may attach to a Veh. Code, § 20001, subd. (a) offense when the injury was caused or aggravated by the defendant's failure to stop and render aid].) Thus, if evidence at the restitution hearing had demonstrated the victim's injuries were aggravated or exacerbated by Amaya's conduct of fleeing, at least a portion of the order might have been properly imposed. Because Amaya did not object on this ground, however, the People had no reason to develop such evidence. The record before us is limited, and does not disclose

6

whether the victim could have been saved by earlier medical treatment. It is clear that he survived for several days after the accident. The record does not reflect how long he laid in the street awaiting help. However, his widow stated, in her victim impact statement, that the "most disturbing" image that haunted her was "the image of my husband laying unconscious and bleeding in that intersection with no one around to help." Thus, the question of whether any portion of the restitution order was proper depended upon factual findings. (See *Bailey v. Superior Court, supra,* at p. 521 ["Reasonable and prompt assistance may prevent aggravation of or further injuries, or may save a life"].) Under these circumstances, the claim is subject to forfeiture. (See *People v. Anderson, supra,* 50 Cal.4th at p. 26.)

Amaya contends the issue is not forfeited because his objection to an award of future earnings fairly apprised the trial court of the issue presented. It did not. (See, e.g., *People v. Partida* (2005) 37 Cal.4th 428, 433-434 [an objection on one ground does not preserve an appellate challenge made on a different ground].) The issue of whether future earnings was a proper component of a restitution order is entirely different than the question of whether the victim's harm was caused by Amaya's conduct of leaving the scene. Objecting to the inclusion of future earnings in the restitution order did nothing to put the court or prosecutor on notice of the contention Amaya now raises.

Citing *People v. Belmares* (2003) 106 Cal.App.4th 19, 27, Amaya also avers that there was no forfeiture because his claim presents a "constitutional issue of due process." Amaya did not raise a due process claim below, and he neglects to explain how the restitution order implicated a fundamental right, like the right to jury trial at issue in *Belmares.* In any event, a due process claim can be forfeited by a failure to object. (See, e.g., *People v. Seumanu* (2015) 61 Cal.4th 1293, 1331-1332; *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 424; *People v. Linton* (2013) 56 Cal.4th 1146, 1197; *People v. Partida, supra,* 37 Cal.4th at p. 431.)

7

DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.